[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17348
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-60843-JAL


EDWARD CRESPO,

                                                    Plaintiff-Appellant,

versus

MIDLAND CREDIT MANAGEMENT, INC.,
a Kansas Corporation,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 22, 2017)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Edward Crespo appeals the district court's grant of summary judgment in favor of Midland Credit Management, Inc. ("Midland"). After careful review, we affirm the district court.

## I.

On April 26, 2012, Crespo brought suit against Midland alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55., and the Florida Security of Communications Act, Fla. Stat. § 934.01. The district court dismissed Crespo's federal claim and declined to exercise supplemental jurisdiction over the remaining state law claims. As a result, Crespo took his state claims to state court.

In March 2013, Crespo and Midland reached a tentative settlement agreement to resolve the state court matter. Midland processed a $30,000 check payable to Crespo's attorney, but then voided the check after the settlement agreement fell through. Several months later, Crespo and Midland did agree on final terms of the settlement. Midland cut a new check for $30,000 on January 13, 2014.

In the spring of 2014, Midland's accounting department processed a 1099-MISC form for the 2013 calendar year that said Crespo received $30,000 of income from Midland. This form was submitted to the Internal Revenue Service ("IRS"). One year later, Crespo's attorney contacted Midland about the 1099-

MISC being filed for the 2013 calendar year instead of 2014.  After receiving this information, Midland voided the 2013 1099-MISC form and filed the correct information with the IRS on April 23, 2015.

Crespo brought this action against Midland on April 20, 2015.  He alleged that Midland willfully filed a fraudulent tax return (the 2013 1099-MISC form) in violation of 26 U.S.C. § 7434.  Midland sought summary judgment against Crespo, and submitted a statement of material facts in support of its motion.  Crespo responded to Midland's motion with a series of arguments, but failed to file his own statement of material facts.

Because Crespo did not file his own statement of material facts, the district court reviewed the evidence and then treated Midland's statement of facts as true. The district court did this under the provisions of Southern District of Florida Local Rule 56.1, which says the movant's statement of material facts "will be deemed admitted unless controverted by the opposing party's statement."  On this record, the district court granted summary judgment in favor of Midland.  This appeal followed.

## II.

We review <u>de novo</u> the grant of summary judgment.  <u>Byars v. Coca-Cola Co.</u>, 517 F.3d 1256, 1263 (11th Cir. 2008).  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see</u>

<u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552–53

(1986).

Crespo does not dispute that he failed to file an opposing statement of

material facts. Instead he argues that the district court misapplied Local Rule 56.1

in his case. He relies on the text of Local Rule 56.1, which says in relevant part:

> **(b) Effect of Failure to Controvert Statement of Undisputed Facts.**
> All material facts set forth in the movant's statement filed and
> supported as required above will be deemed admitted unless
> controverted by the opposing party's statement, provided that the
> Court finds that the movant's statement is supported by evidence in
> the record.

S.D. Fla. L.R. 56.1(b). Crespo argues the district court failed to follow this rule

because Midland's statement of facts was not "supported by evidence in the

record" as this rule requires. <u>See</u> <u>id.</u>

More to the point, he says the district court ignored conflicting evidence

about when Midland submitted the 2013 1099-MISC form to the IRS. Crespo

points out that the deadline to submit this tax form was March 31, 2013, but

Midland did not file the form until April 24, 2014. He also relies on Midland's

initial pleadings, which said this form was filed "on or about April 24, 2014," but

Midland's statement of material facts changed this date to March 28, 2014. Crespo

argues this disputed material fact supports the inference that Midland willfully

filed this fraudulent tax return to harm him through an IRS enforcement action because it was filed after his own April 15, 2014 tax deadline.

The district court found the undisputed facts showed Midland's 2013 tax filing was the result of an accounting error, and not any intentional wrongdoing as required by 26 U.S.C. § 7434. The court reached this conclusion not because of the date of the tax filing, but because of two sworn statements: one from a Midland employee and one from an employee of Midland's tax form processing vendor. The undisputed facts established that the 2013 form was mistakenly processed and immediately corrected once it was brought to Midland's attention, so the district court found that Crespo had "proffered no evidence that could establish [Midland] acted intentionally." Even assuming that Midland did not file the tax form until April 24, 2014, this delay is not enough to overcome what Crespo failed to dispute: two sworn statements that the filing was a mistake and Midland's statement of material facts that said the "1099-MISC was mistakenly prepared." On this record, there is no genuine dispute of material fact and Midland is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). We therefore affirm the district court's grant of summary judgment.

**AFFIRMED.**